Soheyl Tahsildoost (Bar No. 271294)
THETA LAW FIRM, LLP
15901 Hawthorne Blvd., Suite 270
Lawndale, CA 90260
Telephone: (424) 297-3103
Facsimile: (424) 286-2244
eservice@thetafirm.com

Attorneys for defendant Mercedes-Benz USA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIEW KUM, an individual, | Case No. 3:20-CV-06938-CRB |
| Plaintiff, | |
| v. | **DEFENDANT MERCEDES-BENZ USA, LLC'S NOTICE OF MOTION FOR JUDGMENT ON THE PLEADINGS; MEMORANDUM OF POINTS AND AUTHORITIES** |
| MERCEDES-BENZ USA, LLC; A Delaware Limited Liability Company; and DOES 1 through 20, inclusive, | |
| Defendants. | Hon. Charles R. Breyer<br>Courtroom: 6 |

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on June 4, 2021, at 10:00am, or as soon thereafter as the matter may be heard, in courtroom 6 in the above-entitled Court, located at 450 Golden Gate Avenue, 17th Floor, San Francisco, CA 94102, Defendant Mercedes-Benz USA, LLC ("MBUSA" or "Defendant") will and hereby does move the Court, pursuant to FRCP 12(c), for judgment on the pleadings with respect to Plaintiff's third cause of action for "Fraudulent Inducement – Concealment", and by extension, Plaintiff's claim for punitive damages. The grounds for this Motion are:

    (1)    Plaintiff's Complaint fails to state facts sufficient to support a cause of action for fraud;

    (2)    The Complaint fails to state a claim for fraud because such a claim is barred by the economic loss rule;

    (3)    Plaintiff cannot seek punitive damages because Plaintiff's fraud claim fails; and

    (4)    Plaintiff fails to state facts to support a punitive damages claim.

This Motion will be based on this Notice, the pleadings, records and filed herein, the Memorandum of Points and Authorities, and the Declaration of Soheyl Tahsildoost filed and served herewith.  Prior to filing the instant motion, Defendant's counsel reached out to Plaintiff's counsel in an attempt to resolve the issues in this motion in an attempt to avoid unnecessary motion practice, however, as of the date of this filing, the parties were not able to come to a resolution. (Soheyl Tahsildoost Decl.).

Dated: April 28, 2021        THETA LAW FIRM, LLP

                                            SOHEYL TAHSILDOOST
                                            Attorney for Defendant Mercedes-Benz USA, LLC

**DEFENDANT MERCEDES-BENZ USA, LLC'S NOTICE OF MOTION FOR JUDGMENT ON THE PLEADINGS; MEMORANDUM OF POINTS AND AUTHORITIES**

**TABLE OF CONTENTS**

I.    INTRODUCTION ................................................................................................3

II.   STANDARD OF REVIEW ................................................................................4

III.  PLAINTIFF FAILS TO PLEAD PLAINTIFF'S FRAUDULENT CONCEALMENT CLAIM WITH PARTICULARITY ................................................................................4

    A. Plaintiff Fails to Allege Particularized Facts Supporting Knowledge of Falsity or Intent to Conceal by MBUSA And Other Components of Plaintiff's Fraud Claim 5

    B. Plaintiff Fails to Allege Actual or Justifiable Reliance on Any Omission ..............7

    C. Plaintiff Fails to Allege MBUSA Owed a Duty to Plaintiff………………………7

IV.   PLAINTIFF'S FRAUD CAUSE OF ACTION IS BARRED BY THE ECONOMIC LOSS RULE ..8

V.    PLAINTIFF'S PUNITIVE DAMAGE CLAIM FAILS TO THE EXTENT PLAINTIFF'S FRAUD CLAIM FAILS………………………………………………….…10

VI.   PLAINTIFF'S REQUEST FOR PUNITIVE DAMAGES FAILS TO MEET THE REQUISITE HEIGHTENED PLEADING STANDARD…………………….……11

VII.  LEAVE TO AMEND SHOULD BE DENIED ..............................................12

VIII. CONCLUSION................................................................................................13

**DEFENDANT MERCEDES-BENZ USA, LLC'S NOTICE OF MOTION FOR JUDGMENT ON THE PLEADINGS; MEMORANDUM OF POINTS AND AUTHORITIES**

# TABLE OF AUTHORITIES

**Cases**                                                                                                  **Page(s)**

*Aleman v. AirTouch Cellular*
    209 Cal.App.4th 556 (2012) ............................................................................................. 13

*Alexsam Inc. v. Green Dot Corp.*
    No. 215CV05742CASPLAX, 2017WL 2468769, at *4 (C.D. Cal. June 5, 2017) ........... 10

*Ashcroft v. Iqbal*
    556 U.S. 662 (2009) ......................................................................................................... 4

*Bell Atlantic Corp v. Twombly*,
    550 US 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) ................................................. 4

*Bly-Magee v. California*
    236 F.3d 1014 (9th Cir. 2001) ......................................................................................... 5

*Boschma v. Home Loan Center, Inc.*
    198 Cal.App.4th 230 (2011) ............................................................................................ 5

*Brei Harte Union High Sch. Dist. v. FieldTurf, USA, Inc.*
    No. 1:16-cv-00371-DAD-SMS, 2016 WL 3519294, at *4 (E.D. Cal. June 27, 2016) ....... 9

*Brousseau v. Jarrett*
    73 Cal. App. 3d 864 (1977) ........................................................................................... 12

*Cervantes v. Countrywide Home Loans, Inc.*
    656 F.3d 1034 (9th Cir. 2011) ....................................................................................... 13

*CHMM, LLC v. Freeman Marine Equip., Inc.*
    791 F.3d 1059 (9th Cir. 2015) ......................................................................................... 9

*Crystal Springs v. Fieldturf USA*
    219 F. Supp. 3d 962 (N.D. Cal. 2006) .......................................................................... 10

*Deteresa v. American Broadcasting Cos.*
    121 F.3d 460 (9th Cir. 1997) ........................................................................................... 8

*Doe v. MySpace, Inc.*
    528 F.3d 413 (5th Cir. 2008) ........................................................................................... 4

*Giles v. GMAC*
    494 F.3d 865 (9th Cir. 2007) ........................................................................................... 9

*Greystone Homes, Inc. v. Midtec, Inc.*
    168 Cal.App.4th 1194 (2008) .......................................................................................... 9

*Hammond v. BMW of North America, LLC*
    2019 WL 2912232 * 3 (C.D. Cal. June 26, 2019) ......................................................... 10

**DEFENDANT MERCEDES-BENZ USA, LLC'S NOTICE OF MOTION FOR JUDGMENT ON THE PLEADINGS; MEMORANDUM OF POINTS AND AUTHORITIES**

*Harper Constr. Co. v. Nat'l Union Fire Ins. Co.*
  No. 18-cv-00471-BAS-NLS, 2020 U.S. Dist. LEXIS 64360, at *20 (S.D. Cal. Apr. 9, 2020)……………………………………………………………………………………………11, 12

*Heliotrope General, Inc. v. Ford Motor Co.*
  189 F.3d 971 (9th Cir. 1999) ....................................................................................... 4

*Herbert Abstract Co. v. Touchstone Props., Ltd*
  914 F.2d 74 (5th Cir. 1990) ......................................................................................... 4

*Hoffman v. 162 North Wolfe LLC*
  228 Cal.App.4th 1178 (2014) ...................................................................................... 7

*Hsieh v. FCA US LLC*
  440 F. Supp. 3d 1157 (S.D. Cal. Feb. 20, 2020 ........................................................ 10

*JMP Sec. LLP v. Altair Nanotechnologies Inc.*
  880 F.Supp.2d 1029 (N.D. Cal. 2012)……………………………………………….10

*Kearns v. Ford Motor Co.*
  567 F.3d 1120 (9th Cir. 2009) ................................................................................ 5, 6

*Kelley v. Corr. Corp. of Am.*
  750 F. Supp. 2d 1132 (E.D. Cal. 2010) ............................................................... 11, 12

*Kelsey v. Nissan N. Am.*
  No. CV-20-4835-MRW, 2020 WL 4592744 (C.D. Cal. July 15, 2020) .................... 10

*LiMandri v. Judkins*
  52 Cal.App.4th 326 (1997) .......................................................................................... 8

*Marolda v. Symantec Corp.*
  672 F.Supp.2d 992 (N.D. Cal. 2009) ...................................................................... 5, 7

*Morgan v. County of Yolo*
  436 F.Supp.2d 1152 (E.D. Cal. 2006) ........................................................................ 4

*Ponzio v. Mercedes-Benz USA, LLC*
  2020 WL 1183733 (D.N.J. Mar 11, 2020) ………………………………………….10

*Quatela v. Stryker Corp.*
  820 F. Supp. 2d 1045 (N.D. Cal. 2010) ...................................................................... 5

*Resnick v. Hyundai Motor Am., Inc.*
  No. CV 16-00593-BRO (PWJx), 2016 WL 9455016, at *10 (C.D. Cal. Nov. 14, 2016) .. 9

*Riggins v. Ortho McNeil Pharm., Inc.*
  51 F. Supp. 3d 708 (N.D. Ohio 2014) ........................................................................ 7

*Robinson Helicopter Co. v. Dana Corp.*
  34 Cal.4th 979 (2004) ............................................................................................ 8, 9

*SCC Acquisitions Inc. v. Cent. Pac. Bank*
    207 Cal.App.4th 859 (2012) ........................................................................................ 5

*Seely v. White Motor Co.*
    63 Cal. 2d 9 (1965) ..................................................................................................... 9

*Sentinel Offender Servs., LLC v. G4S Secure Solutions (USA), Inc.*
    No. SACV 14-298-JLS (JPRx), 2014 U.S. Dist. LEXIS 77723, *24-25 (C.D. Cal. June 3, 2014) ........................................................................................................................ 12

*Sloan v. General Motors LLC,*
    2020 WL 1955643 (N.D. Cal. Apr. 23, 2020) ............................................................ 10

*Smolen v. Deloitte, Haskins & Sells*
    921 F.2d 959 (9th Cir. 1990) ....................................................................................... 7

*Soto v. Rust-Oleum Corp.*
    No. CV 15-1891-GW(JCx), 2015 U.S. Dist. LEXIS 187618, at *8 (C.D. Cal. May 28, 2015)………………………………………………………………………………..11

*Taiwan Semiconductor Mfg. Co. v. Tela Innovations, Inc.*
    No. 14-cv-00362-BLF 2014 WL 3705350, at *6 (N.D. Cal. July 24, 2014)…………….12

*Tasion Commc'ns, Inc. v. Ubiquiti Networks*
    Inc., 308 F.R.D. 630 (N.D. Cal. 2015) ....................................................................... 10

*Thompson v. BMW of North America, LLC*
    2019 WL 988694, *5 (C.D. Cal. Jan. 10, 2019) ......................................................... 10

*Traba v. Ford Motor Co.*
    2018 WL 6038302, *4 (C.D. Cal. June 27, 2018) ...................................................... 10

*Troensegaard v. Silvercrest Industries*
    175 Cal.App.3d 218 (1985) ........................................................................................ 11

*United States v. Laurienti*
    611 F.3d 530 (9th Cir. 2010) ....................................................................................... 8

*Vess v. Ciba-Geigy Corp. USA*
    317 F.3d 1097 (9th Cir. 2003) ............................................................................... 5, 13

*Wilson v. S. Cal. Edison Co.*
    234 Cal. App. 4th 123 (2015) .................................................................................... 12

**Statutes**

California Civil Code § 1794……………………………………………………….……..11

California Civil Code § 3294……………………………………………………….………11, 12

California Civil Code § 3294(b)……………………………………………………….………12

Federal Rule of Civil Procedure 12(c)………………………………………….....……………4

# MEMORANDUM OF POINTS AND AUTHORITIES

Defendant Mercedes-Benz USA, LLC ("MBUSA") submits the following points and authorities in support of its Motion for judgment on the Pleadings.

## I.

## INTRODUCTION

This action, at its core, is a simple "lemon law" case brought by Plaintiff Siew Kum ("Plaintiff") concerning Plaintiff's 2015 Mercedes-Benz C300W, VIN 55SWF4JB7FU047244 (the "Subject Vehicle"), which Plaintiff leased on or about February 28, 2015. (Soheyl Tahsildoost Decl., Complaint, ¶ 4-5.) On September 1, 2020 Plaintiff filed Plaintiff's Complaint, asserting claims for breach of express warranty and implied warranty under the Song-Beverly Consumer Warranty Act (the "Act"). However, Plaintiff has also stretched Plaintiff's allegations beyond their legal limits to assert an inapplicable and defectively-pled tangential fraudulent inducement claim. (Soheyl Tahsildoost Decl., Compl., ¶¶ 35-41.) Plaintiff's third cause of action consists of nothing more than conclusory statements parroting the legal elements of the claim, but not a single allegation is sufficient to meet their burden to plead facts with particularity. Moreover, even if Plaintiff had met the heightened pleading standard for fraud-based claims (Plaintiff did not), Plaintiff's claim is barred by the economic loss rule since Plaintiff fails to, and cannot, allege any non-economic injury.

Because Plaintiff's fraudulent concealment claim is barred as a matter of law, Plaintiff's request for punitive damages necessarily fails. In addition, Plaintiff fails to meet the required pleading standards to claim punitive damages.

Accordingly, MBUSA is entitled to judgment on the pleadings with respect to Plaintiff's third cause of action and Plaintiff's request for punitive damages, without leave to amend because the deficiencies in Plaintiff's Complaint cannot be cured. Counsel met and conferred in good faith, but were unable to resolve the issues raised in this Motion. (Soheyl Tahsildoost Decl.).

///
///

///

## II.

## STANDARD OF REVIEW

A Federal Rule of Civil Procedure ("FRCP") 12(c) Motion is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts. *See Herbert Abstract Co. v. Touchstone Props., Ltd.,* 914 F.2d 74, 76 (5th Cir. 1990) (per curiam); *see also Heliotrope General, Inc. v. Ford Motor Co.,* 189 F.3d 971, 981 n.18 (9th Cir. 1999) (Courts may consider facts that are contained within material of which the Court may take judicial notice). A judgment on the pleadings is appropriate when it appears beyond doubt that the non-moving party cannot prove any facts that would support his claim for relief. *See Morgan v. County of Yolo,* 436 F.Supp.2d 1152, 1155 (E.D. Cal. 2006), *aff'd* 277 Fed. Appx. 734 (9th Cir. 2008).

FRCP 12(c) Motions are subject to the same standards as a Motion to dismiss under Rule 12(b)(6). *See Doe v. MySpace, Inc.,* 528 F.3d 413, 418 (5th Cir. 2008. Thus, while the Court must assume all facts alleged in the complaint are true and view them in a light most favorable to the nonmoving party, it need not accept as true any legal conclusions set forth in the Complaint. *See Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Further, whether brought under Rule (b)(6) or 12(c), the pleadings must satisfy the "plausibility standard" in which the Complaint must "raise a reasonable expectation that discovery will reveal evidence of [the alleged infraction]." *Bell Atlantic Corp v. Twombly,* 550 US 544, 556, 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007). For a Complaint to meet this standard, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555, 127 S. Ct. at 1985 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004) ("[T]he pleading must contain something more …than…a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (alteration in original). "[A] plaintiff's obligation to provide the grounds for his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 US at 555, 127 S. Ct. at 1964-65 (internal quotations omitted).

# III.

# PLAINTIFF FAILS TO PLEAD PLAINTIFF'S FRAUDULENT CONCEALMENT CLAIM WITH PARTICULARITY

Plaintiff's third cause of action for fraudulent concealment is not pled with particularity, and is instead supported by conclusory allegations that fail to satisfy the requisite pleading standard. *See Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103 (9th Cir. 2003) ("It is well established law, in [the Ninth Circuit] and elsewhere, that Rule 9(b)'s particularity requirement applies to state-law causes of action.").

Rule 9(b) requires that when "alleging fraud . . . a party must state with particularity the circumstances constituting fraud," which ensures that defendants have adequate notice of the fraud's "'who, what, when, where, and how' of the misconduct charged." *Kearns v. Ford Motor Co.,* 567 F.3d 1120, 1124 (9th Cir. 2009); *see also Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001) ("Rule 9(b) demands that the circumstances constituting the alleged fraud be specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge.")  This particularity requirement applies to claims for fraud based on concealment and nondisclosure. *See Kearns, supra,* 567 F.3d at 1127 (holding that Rule 9b's particularity requirements apply to fraud based on nondisclosure); *Quatela v. Stryker Corp.*, 820 F. Supp. 2d 1045 (N.D. Cal. 2010) (holding that Rule 9b's particularity requirements apply to fraudulent concealment); *Marolda v. Symantec Corp.,* 672 F.Supp.2d 992, 1002 (N.D. Cal. 2009) (same).

Here, Plaintiff's Complaint fails to allege even the most basic elements necessary to maintain the fraud cause of action, let alone to meet the heightened pleading standard required under federal and California law.  Plaintiff fails to allege particularized facts to support each element of Plaintiff's fraudulent concealment claim, and instead makes generalized statements, which means that Plaintiff's claim necessarily fails.

### A. Plaintiff Fails to Allege Particularized Facts Supporting Knowledge of Falsity or Intent to Conceal by MBUSA And Other Components of Plaintiff's Fraud Claim

Plaintiff's third cause of action for fraudulent concealment rests entirely on vague and conclusory statements, rather than specific allegations detailing any particularized facts as required under federal law. The elements for fraud are: "'(1) the defendant must have concealed or suppressed a material fact, (2) the defendant must have been under a duty to disclose the fact to the plaintiff; (3) the defendant must have intentionally concealed or suppressed the fact with the intent to defraud the plaintiff; (4) the plaintiff must have been unaware of the fact and would not have acted as he did if he had known of the concealed or suppressed fact; and (5) as a result of the concealment or suppression of the fact, the plaintiff must have sustained damage.'" *SCC Acquisitions Inc. v. Cent. Pac. Bank*, 207 Cal.App.4th 859, 864 (2012) [internal quotation omitted]; *Boschma v. Home Loan Center, Inc*. 198 Cal. App. 4th 230, 248 (2011); *Kearns,* 567 F.3d at 1120.

Plaintiff's Complaint contains nothing but bare legal conclusions rather than well-placed factual allegations necessary to support a fraudulent concealment claim. Critically, Plaintiff fails to provide any specific factual allegations that could possibly support Plaintiff's claim that MBUSA knew of the alleged defect and intended to conceal it from the Plaintiff before the Subject Vehicle was sold. In other words, Plaintiff fails to allege how MBUSA was aware of any such alleged defect, when MBUSA became aware of the defect, what exactly MBUSA was aware of, that MBUSA had exclusive knowledge that the alleged defect existed in Plaintiff's particular vehicle at the time the Plaintiff acquired the vehicle, or how MBUSA concealed this fact from the Plaintiff and the public at large, among other shortcomings. (Soheyl Tahsildoost Decl., Compl., ¶36.)

Instead, the only allegation in the Complaint relating to MBUSA's purported "knowledge" of the alleged defect asserts that MBUSA had "advanced knowledge of which only defendant could know." (*Id*.) This allegation is conclusory and utterly fails to provide any specific facts showing how MBUSA had such advanced knowledge, when MBUSA had this advanced knowledge, how only MBUSA could have had this alleged knowledge, or Plaintiff's factual basis

for Plaintiff's belief. Nor are there any facts alleged to show MBUSA's intention to conceal a material fact.

Further, in order to plead the circumstances of fraud based on an omission with requisite specificity, a plaintiff "must describe the content of the omission and where the omitted information should or could have been revealed, as well as provide representative samples of advertisements, offers, or other representations that plaintiff relied on to make his purchase and that failed to include the allegedly omitted information." *Marolda, supra,* 672 F.Supp.2d at 1002. Here, Plaintiff fails to plead any facts regarding the circumstances of any omission, where exactly the omission should have been revealed, or any other basic information regarding the alleged omission.

In addition, Plaintiff vaguely references a "defect" with the Subject Vehicle's air conditioning system that results in generic "malodorous odors," but fails to identify what the alleged defect is and fails to provide more specific details setting forth the frequency with which such a defect occurs, the circumstances by which Plaintiff became aware of the alleged defect, or any other specific information that would allow MBUSA to evaluate the alleged "defect." (Soheyl Tahsildoost Decl., Compl., ¶ 36.)

Plaintiff's failure to allege any fact to support Plaintiff's conclusory statement of concealment by MBUSA means that Plaintiff's fraudulent concealment claim fails.

### B. <u>Plaintiff Fails to Allege Actual or Justifiable Reliance on Any Omission</u>

While Plaintiff alleges that Plaintiff would not have purchased the Subject Vehicle had MBUSA "disclosed the condition related to the air conditioning" (Soheyl Tahsildoost Decl., Compl., ¶37), Plaintiff does not allege – even in a conclusory fashion – actual and/or justifiable reliance, let alone facts supporting any such reliance. "After establishing actual reliance, the plaintiff must show that the reliance was reasonable . . . ." *Hoffman v. 162 North Wolfe LLC,* 228 Cal.App.4th 1178, 1194 (2014) (finding concealment claim failed because reliance was not justifiable); *Smolen v. Deloitte, Haskins & Sells*, 921 F.2d 959, 964 (9th Cir. 1990) (finding concealment claim failed because plaintiff did not show actual and justifiable reliance); *see also Riggins v. Ortho McNeil Pharm., Inc.*, 51 F. Supp. 3d 708, 712-13 (N.D. Ohio 2014) (explaining

the elements necessary for fraud claims, including for a concealment/suppression claim, under California law include "justifiable reliance"). Having failed to do so, Plaintiff's fraudulent concealment claim fails.

### C. **Plaintiff Fails to Allege MBUSA Owed a Duty to Plaintiff**

Plaintiff has also failed to allege that MBUSA owes Plaintiff any duty to disclose the alleged defect. *See Robinson Helicopter Co. v. Dana Corp.,* 34 Cal.4th 979, 990 (2004) ("*Robinson*") (in order to maintain a cause of action for fraud by omission of a material fact, defendant must have a duty to disclose a concealed fact to Plaintiff); *see also Deteresa v. American Broadcasting Cos*., 121 F.3d 460, 467 (9th Cir. 1997) citing *LiMandri v. Judkins*, 52 Cal. App. 4th 326, 336 (Cal. App. 1997).

Specifically, Plaintiff fails to allege any relationship between MBUSA and Plaintiff that would give rise to any duty by MBUSA to disclose any alleged defect with the Subject Vehicle. *Deteresa*, *supra,* 121 F.3d at 467 (holding that omission or concealment of a material fact only becomes actionable when there is a duty to disclose, such as when a fiduciary relationship exists between the parties, or when the defendant has exclusive knowledge of material facts that are not known to the plaintiff, when the defendant actively conceals a material fact from the plaintiff, and when the defendant makes partial representations but suppresses other material facts).

Moreover, as alleged in the Complaint, MBUSA was not involved in the sales transaction of the Subject Vehicle. *See United States v. Laurienti*, 611 F.3d 530, 539 (9th Cir. 2010) (duty to disclose can arise only when there is a transaction between the parties; there can be no nondisclosure absent a duty to speak). Rather, Plaintiff obtained the Subject Vehicle from an undefined "Lessor"—not MBUSA. (Soheyl Tahsildoost Decl., Compl., ¶5; *see also id*., ¶1 defining MBUSA as "Manufacturer".) As explained above, Plaintiff has failed to allege what connection, if any, MBUSA has with the sales transaction.

Therefore, because Plaintiff has failed to allege that there was any duty of MBUSA to disclose any alleged defect to Plaintiff, or any facts supporting any such alleged duty, this motion should be granted.

Plaintiff cannot simply recast Plaintiff's breach-of-warranty-based lemon law claims that the Subject Vehicle is defective in order to assert a completely baseless and unsupported conclusory claim for fraud. This motion should be granted because Plaintiff failed to allege basic facts, let alone sufficient facts to meet the heightened pleading standard, to state a claim for fraud.

## IV.

## PLAINTIFF'S FRAUD CAUSE OF ACTION IS BARRED BY THE ECONOMIC LOSS RULE

The economic loss doctrine precludes recovery in tort where, as here, a Plaintiff's damages consist solely of alleged economic losses. *See Seely v. White Motor Co.*, 63 Cal. 2d 9, 17-18 (1965) (finding that contract and warranty law is better suited to address purely economic losses); *CHMM, LLC v. Freeman Marine Equip., Inc.*, 791 F.3d 1059, 1062 (9th Cir. 2015) (same). Economic losses are "'damages for inadequate value, costs of repair and replacement of the defective product or consequent loss of profits--without any claim of personal injury or damages to other property.'" *Giles v. GMAC*, 494 F.3d 865, 874 (9th Cir. 2007). "The economic loss rule is not a defense to a cause of action. Rather, the existence of damages other than purely economic loss is an element of a common-law cause of action." *Greystone Homes, Inc. v. Midtec, Inc.,* 168 Cal.App.4th 1194, 1215 (2008). Unless the purchaser can demonstrate harm above and beyond a broken contractual promise, the economic loss rule requires that he recover in contract for purely economic loss. *Robinson*, *supra,* 34 Cal.4th at 979.

Here, the only damages claimed by Plaintiff are purely economic losses resulting from Plaintiff's lease of an allegedly defective vehicle. (Soheyl Tahsildoost Decl., Compl. ¶ 41.) Therefore, Plaintiff's only avenue for recovery is a breach of warranty claim, which Plaintiff has already asserted. Plaintiff cannot circumvent the economic loss rule by asserting a tort claim, when contract and warranty law provide them with the proper remedy. *See Resnick v. Hyundai Motor Am., Inc.*, No. CV 16-00593-BRO (PWJx), 2016 WL 9455016, at *10 (C.D. Cal. Nov. 14, 2016) citing *Brei Harte Union High Sch. Dist. v. FieldTurf, USA, Inc.*, No. 1:16-cv-00371-DAD-SMS, 2016 WL 3519294, at *4 (E.D. Cal. June 27, 2016) (holding that plaintiff could not recover

in tort for damage to cars caused by paint defect). Therefore, the economic loss rule precludes Plaintiffs' fraud claim as a matter of law.

The economic loss rule also applies even when the breach is allegedly accomplished in a fraudulent manner. *Alexsam Inc. v. Green Dot Corp.,* No. 215CV05742CASPLAX, 2017WL 2468769, at *4 (C.D. Cal. June 5, 2017); *Thompson v. BMW of North America, LLC,* 2019 WL 988694, *5 (C.D. Cal. Jan. 10, 2019) [economic loss rule barred plaintiff's fraud premised only on purported omissions, not affirmative misrepresentations]; *Hammond v. BMW of North America, LLC*, 2019 WL 2912232, * 3 (C.D. Cal. June 26, 2019) [same]; *Traba v. Ford Motor Co.,* 2018 WL 6038302, *4 (C.D. Cal. June 27, 2018) [same]. In 880 F.Supp.2d 1029, 1042 (N.D. Cal. 2012), the Court held that fraud and negligent misrepresentation claims were barred by the economic loss rule where "[t]he tort claims consist of nothing more than [the defendant's] alleged failure to make good on its contractual promises." *Id.* at 1043; *Tasion Commc'ns, Inc. v. Ubiquiti Networks, Inc.,* 308 F.R.D. 630, 641 (N.D. Cal. 2015) (dismissing negligent misrepresentation claim because it was based solely on marketing materials that touted the benefits of the product); *Crystal Springs v. Fieldturf USA*, 219 F. Supp. 3d 962, 970 (N.D. Cal. 2006) (holding that a claim for misrepresentation was barred by the economic loss rule because plaintiff alleged only that defendants made misrepresentations about the effectiveness of their product, but did not allege reliance caused them personal liability).

Furthermore, numerous Federal District Courts, applying California law, have recently held that the economic loss rule bars fraud claims that are premised solely on concealment and omissions, not affirmative representations. *Thompson, supra,* WL 988694, at *5 (economic loss rule barred plaintiff's fraud premised only on purported omissions, not affirmative misrepresentations); *Hammond, supra,* WL 2912232, at * 3 (same); *Traba, supra,* WL 6038302, at *4  (same); *Kelsey v. Nissan N. Am.,* No. CV-20-4835-MRW, 2020 WL 4592744 (C.D. Cal. July 15, 2020) (ECF No. 59); *Sloan v. General Motors LLC,* 2020 WL 1955643 (N.D. Cal. Apr. 23, 2020); *Ponzio v. Mercedes-Benz USA, LLC,* 2020 WL 1183733 (D.N.J. Mar 11, 2020); *Hsieh v. FCA US LLC,* 440 F. Supp. 3d 1157 (S.D. Cal. Feb. 20, 2020).

**DEFENDANT MERCEDES-BENZ USA, LLC'S NOTICE OF MOTION FOR JUDGMENT ON THE PLEADINGS; MEMORANDUM OF POINTS AND AUTHORITIES**

Plaintiff has failed to allege, and cannot allege, damages other than contractual damages in the Complaint. In other words, Plaintiff's fraud claim is the type of contract-based, Song-Beverly claim improperly recast as a fraud claim that the above-cited cases have expressly found to be improper. Therefore, Plaintiff's fraudulent concealment cause of action is barred by the economic loss rule, and this Motion should be granted without leave to amend for that reason alone.

## V.
## PLAINTIFF'S PUNITIVE DAMAGE CLAIM FAILS TO THE EXTENT PLAINTIFF'S FRAUD CLAIM FAILS

As set forth above, Plaintiff's fraud claim fails as a matter of law, and no other cause of action in Plaintiff's Complaint can support a request for punitive damages. *See* Cal. Civ. Code section 1794 (not including punitive damages for violation of the Song-Beverly Act); s*ee also Troensegaard v. Silvercrest Industries,* 175 Cal.App.3d 218, 228 (1985) (striking Plaintiff's punitive damages claim because Plaintiff cannot recover punitive damages in relation to a Song Beverly claim seeking civil penalties.)

Accordingly, Plaintiff's request for punitive damages must also fail.

## VI.
## PLAINTIFF'S REQUEST FOR PUNITIVE DAMAGES FAILS TO MEET THE REQUISITE HEIGHTENED PLEADING STANDARD

In addition to Plaintiff's failure to plead a viable fraudulent concealment claim, Plaintiff has not pled any specific allegations demonstrating despicable, malicious or oppressive conduct by MBUSA that would entitle Plaintiff to punitive damages as required under California or federal law. *See* Cal. Civ. Code 3294; *Kelley v. Corr. Corp. of Am.*, 750 F. Supp. 2d 1132, 1146-48 (E.D. Cal. 2010) (holding that there is a heightened pleading standard to plead a punitive damages claim in federal court and specific facts must be alleged to support such a claim); *see also Harper Constr. Co. v. Nat'l Union Fire Ins. Co.*, No. 18-cv-00471-BAS-NLS, 2020 U.S. Dist. LEXIS 64360, at *20 (S.D. Cal. Apr. 9, 2020) (holding that the applicable California statutory law requires that "a plaintiff may recover punitive damages 'where it is proven by clear and convincing evidence that

the defendant has been guilty of oppression, fraud, or malice.'"); *see also Soto v. Rust-Oleum Corp.,* No. CV 15-1891-GW(JCx), 2015 U.S. Dist. LEXIS 187618, at *8 (C.D. Cal. May 28, 2015) (holding that "merely conclusory" nonfactual allegations are "insufficient under the Twombly/Iqbal pleading standards" to recover punitive damages); *see also e.g., Kelley v. Corrs. Corp. of Am.,* 750 F.Supp.2d 1132, 1146-47 (E.D. Cal. 2010); *Sentinel Offender Servs., LLC v. G4S Secure Solutions (USA), Inc.,* No. SACV 14-298-JLS (JPRx), 2014 U.S. Dist. LEXIS 77723, *24-25 (C.D. Cal. June 3, 2014).

The conclusory characterization of Defendant's conduct as intentional, willful and fraudulent is a patently insufficient statement of "oppression, fraud, or malice, express or implied", within the meaning of section 3294. *Brousseau v. Jarrett*, 73 Cal. App. 3d 864, 872 (1977); s*ee also Kelley, supra,* 750 F. Supp. 2d at 1148 (dismissing plaintiff's punitive damages claim because plaintiff's claim for punitive damages amounted to nothing more than conclusory allegations).

Here, Plaintiff does not even make any conclusory allegation of "oppression," and Plaintiff's only "malice" claim is conclusory and alleges no facts to support any such conduct. (Soheyl Tahsildoost Decl., Compl., ¶ 38.) Indeed, the only allegation in the Complaint relating to Plaintiff's request for punitive damages is in the prayer for relief, stating simply that Plaintiff seeks punitive damages. (*Id*. at 10:10, ¶ "F".)

Additionally, a request for punitive damages against a corporation must include allegations relating to the corporation's officers, directors, or managing agents. *Harper*, *supra*, U.S. Dist. LEXIS 64360, at *20. "A company simply cannot commit willful and malicious conduct-only an individual can." *Id.* quoting *Taiwan Semiconductor Mfg. Co. v. Tela Innovations, Inc.,* No. 14-cv-00362-BLF 2014 WL 3705350, at *6 (N.D. Cal. July 24, 2014). To this effect, the California Court of Appeal has held that "the oppression, fraud, or malice must be perpetrated, authorized, or knowingly ratified by an officer, director, or managing agent of the corporation." *Wilson v. S. Cal. Edison Co.,* 234 Cal. App. 4th 123, 164 (2015), citing Cal. Civ. Code § 3294(b). Here, Plaintiff has not made any allegation relating to an officer, director or managing agent, nor any allegation about acts perpetrated, authorized, or knowingly ratified by them.

Because Plaintiff has not alleged facts to support Plaintiff's fraud claim, and because the Complaint does not allege any conduct by MBUSA as constituting "malice" or "oppression", let alone any allegations describing or relating to the conduct of "an officer, director, or managing agent of" Defendant, Plaintiff's demand for punitive damages fails.

## VII.

## **LEAVE TO AMEND SHOULD BE DENIED**

The Court should not provide Plaintiff with leave to amend because Plaintiff's fraudulent concealment claim is barred as a matter of law by the economic loss rule, and Plaintiff cannot allege particularized facts to support such a claim. As a result, Plaintiff's request for punitive damages also necessarily fails. In addition, Plaintiff fails to meet the heightened pleading standards necessary to obtain punitive damages.

Plaintiff cannot correct these deficiencies with truthful amendment, and MBUSA's Motion should therefore be sustained *without* leave to amend as to Plaintiff's third cause of action for fraudulent concealment and claim for punitive damages. *See Vess*, *supra*, 317 F.3d at 1107 ("When an entire complaint, or an entire claim within a complaint, is grounded in fraud and its allegations fail to satisfy the heightened pleading requirements of Rule 9(b), a district court may dismiss the complaint or claim"); *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (explaining that dismissal without leave to amend is proper when amendment would be futile).

As Plaintiff should be aware from other substantially similar matters involving indistinguishable facts and almost identical Complaints filed by the same Plaintiff's counsel as in this case, other United States District Courts in California have granted MBUSA's motions for judgment on the pleadings without leave to amend as to Plaintiffs' fraud and punitive damages claim on the same grounds as set forth herein. *See e.g., Nafisi v Mercedes-Benz USA, LLC,* Case No. 2:20-cv-9309 PA (MAAx) (C.D. Cal. March 31, 2021) (Request for Judicial Notice, Ex. A [Order Granting MBUSA's Motion for Judgment on the Pleadings], ECF Dkt 23).[1]

---

[1] Although not binding, unpublished Federal District Court cases are citable as persuasive authority. *Aleman v. AirTouch Cellular*, 209 Cal.App.4th 556, 575, fn. 8. (2012).

**DEFENDANT MERCEDES-BENZ USA, LLC'S NOTICE OF MOTION FOR JUDGMENT ON THE PLEADINGS; MEMORANDUM OF POINTS AND AUTHORITIES**

# VIII.

## CONCLUSION

For the foregoing reasons, as well as for such other and further reasons as may be adduced upon the hearing of this Motion, MBUSA respectfully requests that this Court grant its Motion for Judgment on the Pleadings without leave to amend.

Dated: April 28, 2021        THETA LAW FIRM, LLP

_____
SOHEYL TAHSILDOOST
Attorney for Defendant Mercedes-Benz USA, LLC

**PROOF OF SERVICE**
**Code Civ. Proc., § 1013a(3) Revised 5-1-88)**

I am over the age of 18, not a party to this action, and employed in the county where this mailing occurred. My business address is 15901 Hawthorne Blvd., Suite 270, Lawndale, CA 90260. On **April 28, 2021**, I served the following documents described as **DEFENDANT MERCEDES-BENZ USA, LLC'S NOTICE OF MOTION FOR JUDGMENT ON THE PLEADINGS; MEMORANDUM OF POINTS AND AUTHORITIES** on interested parties in this action by placing original/true copies thereof in sealed envelopes addressed as follows:

| | |
|---|---|
| David N. Barry, Esq.<br>THE BARRY LAW FIRM<br>11845 West Olympic Boulevard<br>Suite 1270<br>Los Angeles, CA  90064<br>(310) 684-5859<br>(310) 862-4539 (FAX)<br>dbarry@mylemonrights.com<br>eservicembusa@mylemonrights.com | |

☐ **BY MAIL:** I deposited such envelope in the mail at Lawndale, California.  The envelope was mailed with proper postage thereon fully prepaid.  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Said mailing is deposited with the United States Postal Service on that same day in the ordinary course of business and there is delivery service by United States mail at the place so addressed.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **BY PERSONAL SERVICE:** I delivered such envelope by hand to the individual(s) listed on the above service list.

☒ **BY ELECTRONIC TRANSMISSION:** I caused to be electronically transmitted such document referenced above to the individual(s) listed on the above service list.

☐ **BY FACSIMILE TRANSMISSION:** I transmitted the facsimile to the individual(s) listed on the above service list at the facsimile number listed thereon.  The telephone number on the facsimile machine I used is (424) 286-2244.  The facsimile machine I used complied with Rule 2.306 and no error was reported by the machine.  Pursuant to Rule 2.306, I caused the machine to print a transmission record of the transmission, a copy of which is attached to this declaration.

☐ **BY OVERNIGHT DELIVERY:** I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the person at the above-address.  I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.  Executed on **April 28, 2021** at Lawndale, California.

s/Monica Ramirez
Monica Ramirez

**DEFENDANT MERCEDES-BENZ USA, LLC'S NOTICE OF MOTION FOR JUDGMENT ON THE PLEADINGS; MEMORANDUM OF POINTS AND AUTHORITIES**