DAVID N. BARRY, ESQ. (SBN 219230)
THE BARRY LAW FIRM
11845 W. Olympic Blvd., Suite 1270
Los Angeles, CA 90064
Telephone: 310.684.5859
Facsimile: 310.862.4539

Attorney for Plaintiff, SIEW KUM

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SIEW KUM, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MERCEDES-BENZ USA, LLC, A Delaware Limited Liability Company; and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No. 3:20-cv-06938-CRB<br><br>**PLAINTIFF'S OPPOSITION TO MERCEDES-BENZ'S MOTION FOR JUDGEMENT ON THE PLEADINGS AS TO THE THIRD CAUSE OF ACTION**<br><br>**Date: June 4, 2021**<br>**Time: 10:00 a.m.**<br>**Courtroom: 6**<br><br>**Action Filed: September 1, 2020**<br>**Trial Date: None**<br><br>*Assigned for all purposes to the Hon. Charles R. Breyer* |

Plaintiff Siew Kum submits the following Opposition to Mercedes-Benz USA, LLC's ("Mercedes-Benz") Motion for Judgment on the Pleadings as to the Third Cause of Action.

///

///

///

PLAINTIFF'S OPPOSITION TO MERCEDES-BENZ'S MOTION FOR JUDGEMENT ON THE PLEADINGS AS TO THE THIRD CAUSE OF ACTION

**TABLE OF CONTENTS**

I. INTRODUCTION .......... 1

II. PLAINTIFF'S THIRD CAUSE OF ACTION IS PROPERLY PLED AND THE ALLEGATIONS ARE SUFFICIENT TO OVERCOME MERCEDES-BENZ'S MOTION .......... 1

*A. The Fraudulent Concealment Claim Is Robust, Specific and Properly Pled.* .......... *1*

*B. No Fiduciary or Direct Transactional Relationship Is Needed In Fraudulent Concealment Cases.* .......... *4*

*C. Specific Pleading Is Not Required for Fraudulent Concealment Theories.* .......... *5*

III. THE ECONOMIC LOSS RULE DOES NOT RENDER PLAINTIFF'S THIRD CAUSE OF ACTION INVALID BECAUSE PLAINTIFF'S TORT CLAIMS ARE EXTRANEOUS TO THE WARRANTY/LEMON LAW CLAIMS AND THEY ARE THEREFORE ACTIONABLE .......... 6

IV. PLAINTIFF'S PUNITIVE DAMAGES CLAIM IS PROPER .......... 11

V. CONCLUSION .......... 12

# TABLE OF AUTHORITIES

**Cases**

*Alfaro v. Community Housing Improvement System & Planning Assn., Inc.* (2009) 171 Cal.App.4th 1356, 1384-1385 ........ 2

*Alliance Mortgage Co. v. Rothwell* (1995) 10 Cal.4th 1226, 1240 ........ 9

*Appollo Capital Fund, LLC v. Roth Capital Partners, LLC* (2007) 158 Cal.App.4th 226, 242 ........ 5

*Baggett v. Hewlett-Packard Co.* (C.D. Cal. 2007) 582 F. Supp. 2d 1261, 1267 ........ 2

*Bardin DaimlerChrysler Corp* (2006) 136 Cal. App. 4th 1255, 1261-62 ........ 4

*Buckland v. Threshold Enterprises, Ltd.* (2007) 155 Cal.App.4th 798, 808 ........ 3

*Bushell v. JPMorgan Chase Bank, N.A.* (2013) 220 Cal.App.4th 915, 931 ........ 2

*Bushell v. JPMorgan Chase Bank, N.A.* (2017) 220 Cal.App.4th 915, 931 ........ 5

*Committee on Children's Television, Inc. v. General Foods Corp.* (1983) 35 Cal.3d 197, 217 ........ 5

*Daugherty v. Am. Honda Motor Co.* (2006) 144 Cal. App. 4th 824 ........ 4

*Erlich v. Menezes* (1999) 21 Cal.4th 543, 551-552 ........ 9

*Falk v. General Motors Corp.* (N.D.Cal.2007) 496 F.Supp.2d 1088 ........ 4

*Giles v. General Motors Acceptance Corp.*, 494 F.3d 865, 880 (9th Cir 2007) ........ 10

*Jones v. ConocoPhillips Co.* (2011) 198 Cal.App.4th 1187, 1198 ........ 3

*Morris v. BMW of N. Am., LLC* (N.D.Cal. Nov. 7, 2007, No. C 07-02827 WHA) 2007 U.S. Dist. LEXIS 85513, at *14-15.) ........ 2

*Mui Ho v. Toyota Motor Corp.* (N.D.Cal. 2017) 931 F.Supp.2d 987, 999 ........ 3

*People ex rel. Sepulveda v. Highland Fed. Savings & Loan* (1993) 14 Cal.App.4th 1692, 1718 ........ 5

*People v. Highland Fed. Savings & Loan* (1993) 14 Cal.App.4th 1692, 1717 ........ 5

*Quelimane Co. v. Stewart Title Guaranty Co.* (1998) 19 Cal.4th 26, 47, *modified* (Sept. 23, 1998 ........ 2

*Robinson Helicopter Co., Inc. v. Dana Corp.* (2004) 34 Cal.4th 979 ........ 6, 7, 8, 10

*Salahutdin v. Valley of California, Inc.* (1994) 24 Cal.App.4th 555, 568 ........................................ 10

*Shapiro v. Sutherland* (1998) 64 Cal.App.4th 1534, 1544 ................................................................ 4

*Stout v. Turney* (1978) 22 Cal.3d 718, 725 ........................................................................................ 9

*Wilson v. GMAC Mortgage, LLC*, No. 2011 U.S. Dist. LEXIS 104331, *5, 2011 WL 4101668 (D. Ariz. Sept. 14, 2011) ........................................................................................ 10

**Other Authorities**

Black's Law Dictionary p. 686 (8th ed. 2004) ........................................................................................ 7

R. Joseph Barton, Note, *Drowning in a Sea of Contract: Application of the Economic Loss Rule to Fraud and Negligent Misrepresentation Claim*, 41 Wm. & Mary L. Rev. 1789, 1810 (2000) ........................................................................................ 6

## I. INTRODUCTION

Mercedes-Benz distributed and ultimately, sold the subject 2015 Mercedes-Benz C300W with a known and material air conditioning defect. The defect is not just an annoyance; it is a significant vehicle defect because it relates to a known mold growth issue that renders the air conditioning system unusable and, ultimately, unsafe because of the possibility that mold and mold spores could be injected into the cabin environment and inhaled by vehicle occupants. At best, the odor is an annoyance. At worst, it poses a safety issue because mold spores and related allergens can cause unwarranted health consequences; this is well documented in scientific and medical literature and is readily available to anyone interested in finding the information.

Mercedes-Benz knew about this before the subject vehicle was sold. It failed to disclose it to the plaintiff. No reasonable person would have purchased this vehicle had they known the true character and quality of what they were buying. Plaintiff's Complaint also details the general scope of the repairs performed by authorized Mercedes-Benz dealers. Rather than disclose or, better yet, stop selling vehicles with this issue, Mercedes-Benz perpetuated the harm of the described non-disclosures with gimmicks and worthless "fixes." As the Complaint alleges, the odor is an inherent problem with the air conditioning system that simply cannot be fixed. These facts and circumstances outlined in Plaintiff's Complaint and described herein demonstrate a pervasive failure to disclose necessary, indeed, crucial product information to unsuspecting customers like the Plaintiff. Under this background and as described herein, Plaintiff's Complaint sets forth a robust and viable Third Cause of Action for fraudulent concealment.

Defendant's motion should be denied.

## II. PLAINTIFF'S THIRD CAUSE OF ACTION IS PROPERLY PLED AND THE ALLEGATIONS ARE SUFFICIENT TO OVERCOME MERCEDES-BENZ'S MOTION

### *A. The Fraudulent Concealment Claim Is Robust, Specific and Properly Pled.*

Mercedes-Benz argues that Plaintiff has not articulated sufficient facts to support the Third Cause of Action for fraudulent concealment. Mercedes-Benz's entire motion is predicated on the incorrect pleading standard; it applies the standard pertinent to generic "fraud" claims. The Third

Cause of Action does not allege fraud in its substance and it does not articulate that in its title. The claim is for fraudulent concealment. Fraudulent concealment and "fraud" in its basic and typically understood form, are not the same. This is not a distinction without a difference. The distinction matters because the pleading of each claim is distinctly different *precisely* because California courts have recognized that distinction. As much as defendant seemingly relies upon federal law, this case sits in diversity and therefore, the law of the forum state controls.

Although the general rule states that a fraud claim must be specifically pleaded, less specificity is required where the full information or the facts lie more in the knowledge of opposing parties. *Quelimane Co. v. Stewart Title Guaranty Co.* (1998) 19 Cal.4th 26, 47, *modified* (Sept. 23, 1998 ["We also noted, however, that fraud is the only remaining cause of action in which specific pleading is required to enable the court to determine on the basis of the pleadings alone whether a foundation existed for the charge and, even in the pleading of fraud, the rule is relaxed when it is apparent from the allegations that the defendant necessarily possesses knowledge of the facts"]; *Alfaro v. Community Housing Improvement System & Planning Assn., Inc.* (2009) 171 Cal.App.4th 1356, 1384-1385 ["it does not appear necessary to require each of the 38 plaintiffs to allege each occasion on which an agent of either defendant could have disclosed .... Surely defendants have records of their dealings with the plaintiffs"]. *Cf., Bushell v. JPMorgan Chase Bank, N.A.* (2013) 220 Cal.App.4th 915, 931 ["plaintiffs did not have to specify the ... personnel who prepared these documents because that information is uniquely within ... [defendant's] knowledge"].

Consequently, fraudulent concealment "can succeed without the same level of specificity required by a normal fraud claim." *Baggett v. Hewlett-Packard Co.* (C.D. Cal. 2007) 582 F. Supp. 2d 1261, 1267. The reason that less pleading detail is required with fraudulent concealment is because there is no affirmative act to describe since the claim relies on a *failure to disclose*, not an actual affirmative disclosure which is the gravamen of a basic fraud claim. "A plaintiff cannot plead either the specific time of the omission or the place, as he is not alleging an act, *but a failure to act*... [A]n omission cannot be described in terms of time, place, and contents of the misrepresentation or the identity of the person making the misrepresentation". *Morris v. BMW of*

*N. Am., LLC* (N.D.Cal. Nov. 7, 2007, No. C 07-02827 WHA) 2007 U.S. Dist. LEXIS 85513, at *14-15.)

To plead fraudulent concealment, Plaintiff must show (1) the concealment or suppression of material fact, (2) a duty to disclose the fact to the Plaintiff, (3) intentional concealment with intent to defraud, (4) justifiable reliance; the Plaintiff must have been unaware of the fact and would not have acted as he did if he had known of the concealed or suppressed fact, and (5) resulting damages. *Jones v. ConocoPhillips Co.* (2011) 198 Cal.App.4th 1187, 1198; *Mui Ho v. Toyota Motor Corp.* (N.D.Cal. 2017) 931 F.Supp.2d 987, 999.

Here, Plaintiff's Complaint alleges sufficient facts to support the cause of action. Plaintiff has alleged that Mercedes-Benz concealed or suppressed a material fact, namely the defective nature of its air conditioning system. Specifically, that Plaintiff purchased a 2015 model year Mercedes-Benz vehicle that was experiencing numerous issues with the air conditioning air quality. *See*, Complaint, ¶¶ 4-6, 9-11, 36-38.

Additionally, the Complaint alleges that Mercedes-Benz had exclusive knowledge of these issues and concealed or suppressed these facts and that such facts are indeed material given that they involve the vehicle's air conditioning. *See*, Complaint, ¶ 40. The intent to defraud is also alleged both by Mercedes-Benz's pre-sale knowledge of the air conditioning defects, which were not disclosed to the plaintiff. *See*, Complaint, ¶¶ 40-41.

Justifiable reliance is alleged. The Complaint also asserts that Plaintiff would not have purchased the subject vehicle had they known it was equipped with a defective air conditioning system. *See*, Complaint, ¶ 38. In other words, the Complaint's language when taken as a whole, as it must be, demonstrates that Plaintiff expected Mercedes-Benz would be forthright and disclose this information. *See*, *Buckland v. Threshold Enterprises, Ltd.* (2007) 155 Cal.App.4th 798, 808 (where there are no specific, actual representations, actual reliance in fraudulent omission cases occurs only when the Plaintiff reposes confidence in the material completeness of the defendant's representations, and acts upon this confidence."

Finally, the Complaint asserts damages. *See*, Complaint, ¶¶ 40-41.

3

PLAINTIFF'S OPPOSITION TO MERCEDES-BENZ'S MOTION FOR JUDGEMENT ON THE PLEADINGS AS TO THE THIRD CAUSE OF ACTION

**B.** ***No Fiduciary or Direct Transactional Relationship Is Needed In Fraudulent Concealment Cases.***

Mercedes-Benz argues that Plaintiff's Third Cause of Action also fails because it did not have a duty to disclose anything to the Plaintiff since it was not in a transactional relationship with the Plaintiff. Stated differently, Mercedes-Benz's point is that since it did not directly sell the vehicle to the Plaintiff, it cannot be held responsible for it as a matter of law. Mercedes-Benz is wrong. Plaintiff does not need to show a direct contractual nexus or special relationship where there is a safety issue associated with the manufacturer's product. That is the situation here; a defective air conditioning system that poses health concerns is the very definition of a safety related defect.

The general rule is that a product manufacturer's duty to consumers is limited to its warranty obligations ***unless there is a safety issue*** **posed by the defect in question.** *See*, *Daugherty v. Am. Honda Motor Co.* (2006) 144 Cal. App. 4th 824. In other words, contrary to Mercedes-Benz's claim, a duty to disclose does arise when ***safety concerns*** are posed by the defect at issue. *Id. at* 836, *citing, Bardin Daimler Chrysler Corp* (2006) 136 Cal. App. 4th 1255, 1261-62.

*Daugherty* and cases following it, including *Falk v. General Motors Corp.* (N.D.Cal.2007) 496 F.Supp.2d 1088, demonstrate that a duty to disclose and an actionable omission arises if it implicates safety concerns that a reasonable consumer would find material, notwithstanding the absence of a direct contractual relationship *See*, *Falk*, 496 F. Supp. 2d at 1096-97; *Daugherty*, 144 Cal.App.4th at 836. This is a basic rule of California law.

Here, the Complaint asserts that Plaintiff had no knowledge of the significant air conditioning system before acquiring the vehicle. Mercedes-Benz as the manufacturer and the party with greater knowledge, is in the best position to evaluate, digest and communicate this critical information to its ultimate consumers- even if Plaintiff did not directly purchase the product from Mercedes-Benz. "Generally, where one party to a transaction has sole knowledge or access to material facts and knows that such facts are not known or reasonably discoverable by the other party, *then a duty to disclose exists*." *Shapiro v. Sutherland* (1998) 64 Cal.App.4th 1534, 1544.

***C. Specific Pleading Is Not Required for Fraudulent Concealment Theories.***

Finally, Mercedes-Benz argues that Plaintiff's Third Cause of Action fails because it does not allege the *who, what, where, when* and *why* required when alleging fraud against a corporate entity. Generally speaking, Mercedes-Benz's statement of the law is correct statement of law. However, as detailed above, the Third Cause of Action is not a "fraud" claim against Mercedes-Benz. The theory is fraudulent concealment/inducement; a failure/omission to disclose when there is an obligation to do so. Consequently, the "affirmative," nature of conduct is not present which is what the generic "fraud" claim requires. That said, when the details of alleged non-disclosure is more within the knowledge of the defendant than the Plaintiff, the requirement of pleading fraud with specificity is likewise relaxed. *See, Committee on Children's Television, Inc. v. General Foods Corp.* (1983) 35 Cal.3d 197, 217 (superseded by statute on other grounds; citations omitted); *People v. Highland Fed. Savings & Loan* (1993) 14 Cal.App.4th 1692, 1717. In fact, "the courts should not ... seek to absolve the defendant from liability on highly technical requirements of form in pleading. Pleading facts in ordinary and concise language is as permissible in fraud cases as in any others, and liberal construction of the pleading is as much a duty of the court in these as in other cases." *Appollo Capital Fund, LLC v. Roth Capital Partners, LLC* (2007) 158 Cal.App.4th 226, 242; *see also*, *Bushell v. JPMorgan Chase Bank, N.A.* (2017) 220 Cal.App.4th 915, 931 ["Plaintiffs did not have to specify the … personnel who prepared these documents because that information is uniquely within … [defendant's] knowledge'].)"

Here, the Plaintiff has alleged a concealment claim. The substantive facts underlying the Mercedes-Benz's alleged behavior undeniably lie more within the defendant's knowledge than that of this Plaintiff. Because "the facts lie more in the knowledge of" the defendants, the defendants "must necessarily possess full information concerning the facts of the controversy," and so the requirement of specificity is relaxed with respect to those facts. *See, Committee on Children's Television, supra,* 35 Cal.3d at 217.

For precisely this reason, defendants such as Mercedes-Benz are often able to carry out their behavior for years. Indeed, California courts have long recognized that where a plaintiff alleges a widespread fraud or concealment scheme or conduct, alleging the minutiae of that scheme

5

PLAINTIFF'S OPPOSITION TO MERCEDES-BENZ'S MOTION FOR JUDGEMENT ON THE PLEADINGS AS TO THE THIRD CAUSE OF ACTION

is neither required nor reasonably practical. In *Sepulveda v. Highland Federal Savings & Loan*, for example, the court stated: "We acknowledge the allegations of fraud lack the specific detailed minutiae desired by the [ ] defendants. Those details, however, are properly the subject of discovery, not a motion. The magnitude of the fraudulent scheme alleged and the number of plaintiffs involved invoke the analogy to the fact situation in *Committee on Children's Television*," *supra*, 35 Cal.3d 197, 214. *People ex rel. Sepulveda v. Highland Fed. Savings & Loan* (1993) 14 Cal.App.4th 1692, 1718, *quoting*, *Committee on Children's Television.*

## III. THE ECONOMIC LOSS RULE DOES NOT RENDER PLAINTIFF'S THIRD CAUSE OF ACTION INVALID BECAUSE PLAINTIFF'S TORT CLAIMS ARE EXTRANEOUS TO THE WARRANTY/LEMON LAW CLAIMS AND THEY ARE THEREFORE ACTIONABLE

Mercedes-Benz argues that Plaintiff's Third Cause of Action for fraudulent concealment is barred by the economic loss rule, asserting that Plaintiff's claims are limited to warranty/contract. Defendant is mistaken. Causes of action are controlled by the substantive allegations, not a title. Plaintiff's Third Cause of Action is predicated on a concealment theory, i.e., Mercedes-Benz's failure to disclose material information about the subject vehicle's safety which it was under a duty to disclose but did not do so. Fraudulent inducement is an exception to the economic loss rule. This type of fraud presents a situation where there appears to have been a bargained-for contract. However, one party's ability to reach an informed decision is undermined by the other party's fraudulent behavior. *See*, R. Joseph Barton, Note, *Drowning in a Sea of Contract: Application of the Economic Loss Rule to Fraud and Negligent Misrepresentation Claim*, 41 Wm. & Mary L. Rev. 1789, 1810 (2000). That is this case. Under the circumstances of this case, the economic loss rule does not apply in this case.

The essence of the economic loss rule is the distinction of contract and tort law remedies; it prevents a Plaintiff with a remedy in contract, from converting it to one in tort. *Robinson Helicopter Co., Inc. v. Dana Corp.* (2004) 34 Cal.4th 979. The essential key to understanding and applying the Rule is understanding *what* it *presumes*; namely, that the operative facts alleged in the Complaint *cannot* be substantively distinguished as between contract and tort or that the factual

predicate(s) for each cause of action cannot be distinguished. We know this because Mercedes-Benz's motion argues at the outset that Plaintiff is trying to convert this simple lemon law case into a tort case. That is not correct.

Plaintiff's lawsuit seeks to vindicate two separate and distinct legal rights. First, Plaintiff has asserted two breach of warranty claims (i.e., the breach of contract) ***and*** for the ***independent tort*** of fraud applying a fraudulent concealment theory because Mercedes-Benz knowingly and intentionally sold him a defective "bill of goods." Fraud in the inducement occurs "when a misrepresentation leads another to enter into a transaction with a false impression of the risks, duties, or obligation involved." Black's Law Dictionary p. 686 (8th ed. 2004).

The damage to Plaintiff caused by a mere failure to fix a defective vehicle is not the same damage caused to the Plaintiff as a result of Mercedes-Benz's failure to disclose vehicle defects and resulting fraudulently induced purchase or lease. Plaintiff's Third Cause of Action targets Mercedes-Benz's fraudulent conduct that began *prior* to Plaintiff's purchase of their car so this claim does not fall within the ambit of the warranty contract that is at issue in the lemon law claim. Plaintiff alleges that Mercedes-Benz concealed material facts that, if known by him, would have absolutely prevented him from purchasing the subject vehicle. This conduct precedes any contract for the sale of that vehicle. Mercedes-Benz certainly could have disclosed the long-standing issues with its air conditioning system and allowed customers to make a choice. Instead, it continued to manufacture and distribute these vehicles to its dealer network and eventually, sell and lease these vehicles.

The fact that Mercedes-Benz cannot repair the hopelessly defective air conditioning system as described in the Complaint applies to the Song-Beverly analysis, ***not*** the fraudulent concealment analysis. In other words, Mercedes-Benz's failure to conform the subject vehicle's written warranty is the subject of the Song-Beverly claims; Mercedes-Benz's apparent knowledge of a defective air conditioning system which it knowingly concealed is the subject of the fraudulent concealment claim. On their face, they are not the same substantively and they do not share the same factual universe as Mercedes-Benz mistakenly suggests.

*Robinson Helicopter Co., Inc. v. Dana Corp.* (2004) 34 Cal. 4th 969 which Mercedes-Benz cites in support of its motion actually supports Plaintiff's case. *Robinson Helicopter* was a helicopter manufacturer that contracted with component supplier Dana Corp. to purchase clutch parts for its helicopters. The clutches had to conform to specific FAA requirements and had to be certified as conforming. Sometime after the parties entered into the supply contract, Dana changed the manufacture of the clutches. The new clutches did not conform to the FAA certificate requirements. Dana did not notify Robinson or the FAA of the change, and Dana continued to provide written certification that the clutches had been manufactured in conformity with the FAA certificate requirements. These new clutches experienced a higher failure rate than the previously approved clutches. *Id.* at 985-987.

Robinson Helicopter eventually sued Dana for breach of contract, breach of warranty, and negligent and intentional misrepresentations. Robinson prevailed at trial and Dana appealed, arguing that the economic loss rule precluded what were essentially only economic losses sustained by Robinson Helicopter. The Court of Appeal agreed and reversed, holding that the Rule applied.

However, the California Supreme Court reversed, holding that the economic loss rule did not apply to Robinson's *independent* claims for intentional misrepresentation or fraud based on Dana's provision of false certificates of conformance. The Court found that the defendant's alleged misrepresentations in supplying false certificates of conformance, upon which the Plaintiff justifiably relied by accepting delivery and using the nonconforming products, constituted conduct *separate* and distinct from the breach of contract claim based on the provision of the nonconforming products. *Id.* at pp. 990-991. In other words, as noted above and as found here, the targeted conduct was extrinsic to the contract itself. Thus, the court found that the fraud was a tort *independent* of the contractual breach and the economic loss rule thus did not bar the fraud claims. *Id.* at p. 991.

Further, the Court rejected Dana's argument (and Mercedes-Benz's same argument here) that the concealment/ fraud claims were simply part of the already alleged breach of contract and thus, one in the same, by pointing out that a contracting party could not rationally calculate the possibility that the other party will deliberately misrepresent critical terms. The court stated

that public policy did not support the implied consequence of Dana's argument: the increased uncertainty in contractual relationships that would result from encouraging fraudulent conduct at the expense of an innocent party. *Id.*

Mercedes-Benz's mistaken belief that contract remedies and tort remedies cannot peacefully co-exist in the same pleading or case where facts are "shared," generally is clearly dispelled by the holding in *Robinson Helicopter*. Indeed, the California Supreme Court has noted that:

> Tort damages have been permitted in contract cases where a breach of duty directly causes physical injury (Fuentes v. Perez (1977) 66 Cal.App.3d 163, 168, fn. 2); for breach of the covenant of good faith and fair dealing in insurance contracts (Crisci v. Security Ins. Co. (1967) 66 Cal.2d 425, 433-434); for wrongful discharge in violation of fundamental public policy (Tameny v. Atlantic Richfield Co. (1980) 27 Cal.3d 167, 175-176); ***or where the contract was fraudulently induced***. (Las Palmas Associates v. Las Palmas Center Associates (1991) 235 Cal.App.3d 1220, 1238-1239.) In each of these cases, the duty that gives rise to tort liability is either completely independent of the contract or arises from conduct which is both intentional and intended to harm. (See, e.g., Christensen v. Sup. Ct. (1991) 54 Cal.3d 868, 885-886.)

*Erlich v. Menezes* (1999) 21 Cal.4th 543, 551-552.

Moreover, evidence of this "peaceful" coexistence is borne out by the fact that California courts have recognized two measures of damages in fraud related cases: the "out-of-pocket" measure and the "benefit-of-the-bargain" measure. Neither of these measures mirrors the distinctly different statutory remedies provided by plaintiff's Song-Beverly claim. Moreover, Song-Beverly's remedial scheme is specific as to the types of damages that are recoverable. Plaintiff's tort damages are, in some instances, broader; this is evident when assessing the applicable measure of damages.

The "out-of-pocket" measure of damages is directed at restoring plaintiff to the financial position that they enjoyed before the fraudulent transfer. *See*, *Stout v. Turney* (1978) 22 Cal.3d

9

PLAINTIFF'S OPPOSITION TO MERCEDES-BENZ'S MOTION FOR JUDGEMENT ON THE PLEADINGS AS TO THE THIRD CAUSE OF ACTION

718, 725. The "benefit-of-the-bargain" measure is concerned with satisfying the expectancy interest of a defrauded plaintiff by putting him in the position he would have enjoyed had the false representation been true. *Alliance Mortgage Co. v. Rothwell* (1995) 10 Cal.4th 1226, 1240.

The "benefit-of-the-bargain" measure applies general tort damages. California *Civil Code* § 3333 provides for an "amount which will compensate for all the detriment proximately caused thereby, whether it could have been anticipated or not." Furthermore, the "benefit-of-the-bargain" rule has been viewed as an effective deterrent measure of damages, especially in cases of fraud. "Unlike the 'out-of-pocket' measure of damages, which are usually calculated at the time of the transaction, 'benefit-of-the-bargain' damages may be appropriately calculated as of the date of discovery of the fraud." *Salahutdin v. Valley of California, Inc.* (1994) 24 Cal.App.4th 555, 568.

The "benefit-of-the-bargain" measure of damages is concerned with satisfying the expectancy interest of the defrauded plaintiff by putting him in the position he would have enjoyed if the false representation relied upon had been true. *See*, *Stout*, 22 Cal.3d at p. 725. The "benefit-of-the-bargain" awards the difference in value between what the plaintiff actually received and what they fraudulently led to believe they would receive. In fact, the "benefit-of-the-bargain" rule "contemplates an award even when the property received has a value equal to what was given for it." *Id.*

In short, the foregoing authorities show that substantively, plaintiff's fraudulent concealment and Song-Beverly claims are in different spheres. Mercedes-Benz's tortious conduct in inducing plaintiff to purchase/lease the vehicle constitutes conduct separate and apart from Mercedes-Benz's mere failure to conform the vehicle to the warranty as alleged in the separate and distinct, Song-Beverly claims under the First and Second Causes of Action. Indeed, the *Robinson Helicopter* Court held that "[t]ort damages [are] permitted in contract cases where a breach of duty directly causes physical injury; for breach of the covenant of good faith and fair dealing in insurance contracts; for wrongful discharge in violation of fundamental public policy; ***or where the contract was fraudulently induced***. In each of these cases, the duty that gives rise to tort liability is either completely independent of the contract or arises from conduct which is both intentional and intended to harm." *Id.* at 989-990; *Cf. Wilson v. GMAC Mortgage, LLC*, No. 2011 U.S. Dist.

10

PLAINTIFF'S OPPOSITION TO MERCEDES-BENZ'S MOTION FOR JUDGEMENT ON THE PLEADINGS AS TO THE THIRD CAUSE OF ACTION

LEXIS 104331, *5, 2011 WL 4101668 (D. Ariz. Sept. 14, 2011), "[w]hen fraudulent conduct infects contract negotiations, the presumption that the parties engaged in an equal negotiation evaporates.], *citing*, *Giles v. General Motors Acceptance Corp.*, 494 F.3d 865, 880 (9th Cir 2007).

Mercedes-Benz's motion to the Third Cause of Action based upon the economic loss rule is without merit and should be overruled.

## IV. PLAINTIFF'S PUNITIVE DAMAGES CLAIM IS PROPER

Mercedes-Benz finally argues that plaintiff's punitive damages claim does not meet the legal standard because it does not set forth the facts necessary for establishing corporate ratification or who at Mercedes-Benz authorized the conduct. Mercedes-Benz's point would be correct if plaintiff were asserting a standard fraud claim. However, plaintiff is not doing so as the Complaint shows and as discussed in the companion opposition to the demurrer.

As the Opposition to the demurrer shows., the extent of factual pleading is relaxed in a fraudulent concealment claim. *Baggett v. Hewlett-Packard Co.* (C.D. Cal. 2007) 582 F. Supp. 2d 1261, 1267. This is because less detail is available to the plaintiff and therefore less is required as there is no affirmative act to describe, it is the failure to disclose which triggers the fraud claim. "A plaintiff cannot plead either the specific time of the omission or the place, as he is not alleging an act, *but a failure to act*... [A]n omission cannot be described in terms of time, place, and contents of the misrepresentation or the identity of the person making the misrepresentation". *Morris v. BMW of N. Am., LLC* (N.D. Cal. Nov. 7, 2007, No. C 07-02827 WHA) 2007 U.S. Dist. LEXIS 85513, at *14-15.) If the essential factual information is primarily in the hands of the defendant, it makes sense that the same rule applies for the punitive damages claim.

\\

\\

\\

\\

\\

\\

\\

11

PLAINTIFF'S OPPOSITION TO MERCEDES-BENZ'S MOTION FOR JUDGEMENT ON THE PLEADINGS AS TO THE THIRD CAUSE OF ACTION

## V. CONCLUSION

For the foregoing reasons, Mercedes-Benz's Motion for Judgment on the Pleadings as to the Third Cause of Action is without merit and should be denied.

Date: May 12, 2021

THE BARRY LAW FIRM

By: __/s/ David Barry_______
DAVID N. BARRY, ESQ.
Attorney for Plaintiff,
SIEW KUM

## CERTIFICATE OF SERVICE

I hereby certify that on May 12, 2021, I filed the foregoing document entitled **PLAINTIFF'S OPPOSITION TO MOTION ON PLEADINGS** with the clerk of court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record in this action.

/s/ David N. Barry, Esq.