IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIEW KUM,<br><br>    Plaintiff,<br><br>v.<br><br>MERCEDES-BENZ USA, LLC,<br><br>    Defendant. | Case No. 20-cv-06938-CRB<br><br>**ORDER GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS** |

Plaintiff Siew Kum is suing Defendants Mercedes-Benz USA, LLC and Does 1-20 (unknown individuals, agents, servants, and/or employees of Mercedes-Benz) (collectively, Mercedes-Benz). In 2015, Kum leased a new Mercedes-Benz C300W. Kum alleges that the vehicle was defective in many ways, including by having an air conditioning system that emitted a bad smell. Based on these allegations, Kum asserts three claims: (1) breach of the implied warranty of merchantability under the Song-Beverly Warranty Act; (2) breach of an express warranty under the Song-Beverly Warranty Act; and (3) fraudulent inducement by concealment. Mercedes-Benz now moves for a judgment on the pleadings as to the fraudulent inducement by concealment claim. The Court concludes that oral argument is unnecessary and grants Mercedes-Benz's motion with leave to amend.

Under Rule 12(c) of the Federal Rules of Civil Procedure, "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." "[S]ubstantially identical" analyses apply to motions for judgment on the pleadings and Rule 12(b)(6) motions to dismiss. Chavez v. United States, 683 F.3d 1102, 1108 (9th Cir. 2012). Thus, to survive a Rule 12(c) motion, a complaint must "contain

sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 547 (2007)). Conclusory statements and "formulaic recitation[s] of the elements of a cause of action" are not enough. Twombly, 550 U.S. at 555.

Under Rule 9(b), fraud claims must satisfy a heightened pleading standard. Fed. R. Civ. P. 9(b). The party alleging fraud "must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Id. Rule 9(b) demands that supporting allegations "be 'specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong.'" Bly-Magee v. California, 236 F.3d 1014, 1019 (9th Cir. 2001) (citing Neubronner v. Milken, 6 F.3d 666, 672 (9th Cir. 1993)). Thus, "averment of fraud must be accompanied by the 'who, what, when, where, and how' of the misconduct charged." Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003) (citing Cooper v. Pickett, 137 F.3d 616, 627 (9th Cir. 1997)).[1]

Here, Kum has not plausibly alleged fraudulent inducement by concealment. The elements of such a claim are (1) concealment of a material fact, (2) a duty to disclose, (3) intent to defraud, (4) reliance, and (5) damages. See Jones v. ConocoPhillips Co., 198 Cal. App. 4th 1187, 1198 (2011). Assuming that Kum adequately alleged the fourth and fifth elements (i.e., reliance and damages), Kum has not adequately alleged concealment of a material fact, a duty to disclose, or intent to defraud.

Kum failed to plead anything but a legal conclusion regarding Mercedes-Benz's

---

[1] Kum's argument that Rule 9(b) does not apply to California fraudulent inducement by concealment claims, see Opp'n. (dkt. 19) at 2, is unpersuasive. Rule 9(b) applies in federal courts "irrespective of whether the source of subject matter jurisdiction is diversity or federal question." Vess, 317 F.3d at 1102. The Court applies state law to ascertain the elements of Kum's claims, but "the Rule 9(b) requirement that the circumstances of the fraud must be stated with particularity" applies. Id. at 1103 (citation omitted) (emphasis in original). And fraudulent inducement by concealment claims (like other fraud claims) are subject to Rule 9(b). See Kearns v. Ford Motor Co., 567 F.3d 1120, 1126 (9th Cir. 2009).

2

concealment of a material fact. No specific allegations indicate that Mercedes-Benz concealed the air conditioning defect. See Compl. (dkt. 1-3) ¶ 36. Kum's allegation that the air conditioning system produces "malodorous odors," id., does not imply that Mercedes-Benz concealed anything. There is no mention of who knew the information and concealed it, what (more specifically) was known, when it was known, where it was discovered, or how it was known or concealed. See Vess, 317 F.3d at 1106.[2]

Kum has similarly failed to plausibly allege any duty to disclose. Such a duty may arise "when the defendant actively conceals a material fact from the plaintiff," so long as there is some "relationship between [the parties] in which a duty to disclose can arise." Limandri v. Judkins, 52 Cal. App. 4th 326, 336 (1997) (citation omitted). Here, Kum alleges that Mercedes-Benz had exclusive knowledge of the air conditioning defect and that Mercedes-Benz actively concealed that information from Kum. See Compl. at ¶¶ 36-38. Once again, these allegations simply restate the legal requirement for a duty to disclose without any supporting detail.[3]

Most glaringly, Kum's Complaint does not plausibly allege that Mercedes-Benz concealed the air conditioning defect with the intent to defraud Kum. Compl. at ¶ 38. Kum alleges that Mercedes-Benz's conduct "was done with malice" and "for the purpose of having plaintiff purchase the Subject Vehicle." Id. These are just more legal conclusions. No specific allegations establish or support the inference that Mercedes-Benz intentionally defrauded Kum or acted with malice. See generally id.

Of course, a plaintiff who has been deceived by concealment may have difficulty alleging every detail of a defendant's fraudulent scheme. But Kum's complaint is devoid of any details suggesting that Mercedes-Benz breached a duty to disclose with fraudulent intent (rather than simply failed to provide Kum with a car that worked as promised).

The Court also grants Mercedes-Benz's motion because the so-called economic loss

---

[2] Kum relies on cases involving significantly more detailed allegations. See, e.g., Boschma v. Home Loan Ctr., Inc., 198 Cal. App. 4th 230, 248 (2011).
[3] Given this conclusion, the Court need not address Mercedes Benz's argument that Mercedes-Benz was not involved in the lease transaction and thus lacked a duty to disclose. See Mot. at 8.

3

rule "bar[s] a plaintiff's tort recovery of economic damages unless such damages are accompanied by some form of physical harm (i.e., personal injury or property damage)." North Am. Chem. Co. v. Superior Court, 58 Cal. App. 4th 764, 777 (1997). Thus, "in actions arising from the sale or purchase of defective product, plaintiffs seeking economic losses must be able to demonstrate that either physical damage to property (other than the defective product itself) or personal injury accompanied such losses; if they cannot, then they would be precluded from any tort recovery in strict liability or negligence." Ladore v. Sony Comput. Ent. Am., LLC, 75 F. Supp. 3d 1065, 1075 (N.D. Cal. 2014) (citing North Am. Chem. Co., 58 Cal. App. 4th at 780). Here, Kum acknowledges that Kum's fraudulent inducement by concealment claim is a tort claim. See Opp'n at 6. But Kum's harm is purely economic—Kum merely alleges that the vehicle was defective, with no physical damage to property or personal injury. See generally Compl.[4]

Finally, Kum's request for punitive damages fails because it is based on Kum's unsuccessful fraudulent inducement by concealment claim. See Compl. at 10. Regardless, Kum has not alleged any details indicating that Mercedes-Benz acted with oppression, fraud, or malice to support Kum's request for punitive damages.

For the foregoing reasons, the Court grants Mercedes-Benz's Motion for Judgment on the Pleadings. The Court also grants Kum leave to amend the fraudulent inducement by concealment claim. See Fed. R. Civ. P. 15(a)(2); Leadsinger, Inc. v. BMG Music Pub., 512 F.3d 522, 532 (9th Cir. 2008) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)). Should Kum wish to do so, Kum may file an amended complaint within 30 days of the date of this order.

---

[4] Kum's reliance on Robinson Helicopter Co., Inc. v. Dana Corp. is misplaced. See 34 Cal. 4th 979 (2004). Robinson Helicopter's holding was "narrow in scope and limited to a defendant's affirmative misrepresentations on which a plaintiff relies and which expose a plaintiff to liability for personal damages independent of the plaintiff's economic loss." Id. at 993 (emphasis added). Here, Kum does not specifically allege that Mercedes-Benz made continuous misrepresentations about the air conditioning that caused additional and independent harm. Kum also argues that the claim should survive despite resting on only economic loss because the measure of damages in fraud cases differs from the Song-Beverly Act's statutory remedies, see Opp'n at 9, but the rule foreclosing tort recovery for claims that allege only economic loss turns on whether the alleged harm is purely economic, as it is here. Robinson Helicopter, 34 Cal. 4th at 988.

4

**IT IS SO ORDERED.**

Dated: June 30, 2021



CHARLES R. BREYER
United States District Judge